FILED
CLERK'S OFFICE

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

2004 APR -b  A II: 23

**ORLANDO LOPEZ,**
    **Plaintiff**

4:04-cv-40028

v.

**INSURANCE RESTORATION
SERVICES, INC., FRANK BELOTTI,
NADINE D. PHINNEY and
EMC MORTGAGE CORPORATION**
    **Defendants**

## DEFENDANT EMC MORTGAGE CORPORATION'S ANSWER TO PLAINTIFF'S COMPLAINT

### BACKGROUND INFORMATION

In response to plaintiff's complaint, defendant EMC Mortgage Corporation ("EMC") admits, denies and states as follows: EMC says that the background information of plaintiff's complaint contains allegations of law or allegations of opinion. To the extent that there are factual allegations in the background information, EMC denies them.

### PARTIES

1.  EMC lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 and, therefore, requests that plaintiff prove same.

2.  EMC lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 2 and, therefore, requests that plaintiff prove same.

3.  EMC lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 3 and, therefore, requests that plaintiff prove same.

4.  EMC lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 4 and, therefore, requests that plaintiff prove same.

5.  EMC admits the allegations contained in paragraph 5.

6. EMC admits the allegations contained in paragraph 6.

## FACTS

7. Denied as stated. EMC is the servicer the loan, LaSalle Bank National Association is the current holder of the mortgage.

8. EMC lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 8 and, therefore, requests that plaintiff prove same.

9. EMC lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 9 and, therefore, requests that plaintiff prove same.

10. EMC lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 10 and, therefore, requests that plaintiff prove same.

11. EMC lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 11 and, therefore, requests that plaintiff prove same.

12. EMC lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 12 and, therefore, requests that plaintiff prove same.

13. EMC lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 13 and, therefore, requests that plaintiff prove same.

14. EMC lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 14 and, therefore, requests that plaintiff prove same.

15. EMC lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 15 and, therefore, requests that plaintiff prove same.

16. EMC lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 16 and, therefore, requests that plaintiff prove same.

17. EMC lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 17 and, therefore, requests that plaintiff prove same.

18. EMC admits that on or about January 6, 2003 it issued a check in the amount of $35,540.00 and mailed same to debtor's residence.

19. EMC lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 19 and, therefore, requests that plaintiff prove same.

20. EMC lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 20 and, therefore, requests that plaintiff prove same.

21. EMC lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 21 and, therefore, requests that plaintiff prove same.

22. Denied as stated. EMC lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 22 regarding demands sent to defendants IRSI, Bellotti or Phinney. The letter attached as "Exhibit A" is addressed to Frank Bellotti d/b/a Insurance Restoration Services, Inc., and gives no indication that it was ever sent to EMC. EMC denies having received such a demand, and requests that plaintiff prove that the demand was forwarded.

23. The letter attached as "Exhibit A" is addressed to Frank Bellotti d/b/a Insurance Restoration Services, Inc., and gives no indication that it was ever sent to EMC. EMC denies having received such a demand, and requests that plaintiff prove that the demand was forwarded.

24. EMC lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 24 and, therefore, requests that plaintiff prove same.

## COUNT I – BREACH OF CONTRACT CLAIM

25. EMC repeats and realleges its answers to paragraphs 1 through 24 above and incorporates them herein by reference.

26. EMC was aware that IRSI was undertaking repairs on the property.

27. Denied as stated. EMC admits that inspections of the property were conducted but denies that it or any if its agents determined that the repairs were 50% complete.

28. EMC lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 28 and, therefore, requests that plaintiff prove same.

29. EMC lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 29 and, therefore, requests that plaintiff prove same.

30. EMC admits that on or about January 6, 2003 it issued a check in the amount of $35,540.00 and mailed same to debtor's residence.

31. EMC lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 31 and, therefore, requests that plaintiff prove same.

32. Paragraph 32 contains allegations of law to which no response is required and none is given. To the extent that the allegations contained in paragraph 32 suggest wrongdoing or liability on the part of EMC, they are hereby expressly denied.

## COUNT II – BREACH OF FIDUCIARY DUTY CLAIM

33. EMC repeats and realleges its answers to paragraphs 1 through 32 above and incorporates them herein by reference.

34. EMC was aware that IRSI was undertaking repairs on the property.

35. Denied as stated. EMC admits that inspections of the property were conducted but denies that it or any if its agents determined that the repairs were 50% complete.

36. EMC lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 36 and, therefore, requests that plaintiff prove same.

37. EMC lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 37 and, therefore, requests that plaintiff prove same.

38. EMC lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 38 and, therefore, requests that plaintiff prove same. To the extent that the allegations contained in paragraph 38 suggest wrongdoing or liability on the part of EMC, they are hereby expressly denied.

39. EMC admits that on or about January 6, 2003 it issued a check in the amount of $35,540.00 and mailed same to debtor's residence.

40. EMC lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 40 and, therefore, requests that plaintiff prove same.

41. Paragraph 41 contains conclusions of law to which no response is required and none is given. To the extent that the allegations contained in paragraph 41 suggest wrongdoing or liability on the part of EMC, they are hereby expressly denied.

## COUNT III – NEGLIGENCE CLAIM

42. EMC repeats and realleges its answers to paragraphs 1 through 42 above and incorporates them herein by reference.

43. Paragraph 43 contains allegations of law to which no response is required and none is given. To the extent that the allegations contained in paragraph 43 suggest wrongdoing or liability on the part of EMC, they are hereby expressly denied.

44. Paragraph 44 contains allegations of law to which no response is required and none is given. To the extent that the allegations contained in paragraph 44 suggest wrongdoing or liability on the part of EMC, they are hereby expressly denied.

45. Paragraph 45 contains allegations of law to which no response is required and none is given. To the extent that the allegations contained in paragraph 45 suggest wrongdoing or liability on the part of EMC, they are hereby expressly denied.

## COUNT IV – UNFAIR AND DECEPTIVE TRADE PRACTICES CLAIM

46. EMC repeats and realleges its answers to paragraphs 1 through 46 above and incorporates them herein by reference.

47. Paragraph 47 contains allegations of law to which no response is required and none is given. To the extent that the allegations contained in paragraph 47 suggest wrongdoing or liability on the part of EMC, they are hereby expressly denied.

48. Paragraph 48 contains allegations of law to which no response is required and none is given. To the extent that the allegations contained in paragraph 48 suggest wrongdoing or liability on the part of EMC, they are hereby expressly denied.

49. Paragraph 49 contains allegations of law to which no response is required and none is given. To the extent that the allegations contained in paragraph 49 suggest wrongdoing or liability on the part of EMC, they are hereby expressly denied.

50. EMC lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 50 and, therefore, requests that plaintiff prove same. To the extent that the allegations contained in paragraph 50 suggest wrongdoing or liability on the part of EMC, they are hereby expressly denied.

## COUNT V – FRAUD CLAIM

51. EMC repeats and realleges its answers to paragraphs 1 through 50 above and incorporates them herein by reference.

52. EMC lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 52 and, therefore, requests that plaintiff prove same. To the extent that the allegations contained in paragraph 52 suggest wrongdoing or liability on the part of EMC, they are hereby expressly denied.

53. EMC lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 53 and, therefore, requests that plaintiff prove same. To the extent that the allegations contained in paragraph 53 suggest wrongdoing or liability on the part of EMC, they are hereby expressly denied.

54. EMC lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 54 and, therefore, requests that plaintiff prove same. To the extent that the allegations contained in paragraph 54 suggest wrongdoing or liability on the part of EMC, they are hereby expressly denied.

## COUNT VI – UNJUST ENRICHMENT CLAIM

55. EMC repeats and realleges its answers to paragraphs 1 through 55 above and incorporates them herein by reference.

56. Paragraph 56 contains allegations of law to which no response is required and none is given. To the extent that the allegations contained in paragraph 56 suggest wrongdoing or liability on the part of EMC, they are hereby expressly denied.

## JURY CLAIM

EMC requests a trial by jury for all of the issues so triable.

## PRAYERS FOR RELIEF

EMC says that the prayers for relief of plaintiff's complaint contain allegations of law or allegations of opinion. To the extent that there are factual allegations in the prayers for relief, EMC denies them.

## **AFFIRMATIVE DEFENSES:**

### FIRST AFFIRMATIVE DEFENSE

The complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

The complaint must be dismissed for insufficient service of process.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's action is barred by the Statute of Limitations.

### FOURTH AFFIRMATIVE DEFENSE

EMC says plaintiff is guilty of comparative negligence which proximately caused the damages alleged and the negligence of the plaintiff was greater than the total amount of negligence if attributable to EMC.

### FIFTH AFFIRMATIVE DEFENSE

The Statute of Frauds bars each count of plaintiff's complaint.

### SIXTH AFFIRMATIVE DEFENSE

EMC says that the alleged damages were caused in whole or part by the conduct of one or more persons over whom EMC exercised no control and for whom EMC is not legally responsible.

### SEVENTH AFFIRMATIVE DEFENSE

EMC says that the plaintiff's claim is barred by the failure to mitigate damages.

### EIGHTH AFFIRMATIVE DEFENSE

EMC says that the plaintiff's claim is barred by failure of consideration.

### NINTH AFFIRMATIVE DEFENSE

Illegality and violations of law bar each count of plaintiff's complaint.

### TENTH AFFIRMATIVE DEFENSE

EMC says that the plaintiff's claim is barred because plaintiff has unclean hands.

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because Plaintiff has suffered no recoverable damages as a result of any act or omission of Defendant.

### TWELFTH AFFIRMATIVE DEFENSE

EMC says that the plaintiff's claim is barred by Breach of Contract.

### THIRTEENTH AFFIRMATIVE DEFENSE

EMC says that the plaintiff's claim is barred by Good Faith and Fair Dealing.

### FOURTEENTH AFFIRMATIVE DEFENSE

EMC says that the plaintiff's claim is barred by Estoppel and Waiver.

Because discovery is pending, Defendant reserves the right to enumerate additional affirmative defenses as they become evident during the discovery process.

WHEREFORE, EMC Mortgage Corporation prays for judgment as follows:

   I.   Dismissing plaintiff's complaint;

   II.  For EMC's costs and attorneys' fees; and,

   III. Any other relief as this Court determines is fair and just.

                Respectfully submitted,
                EMC Mortgage Corporation,
                By its attorneys,

                ABLITT & CARUOLO, PC

                */s/ Steven A. Ablitt*
                Steven A. Ablitt (641316)
                Robert F. Charlton, Jr. (081200)
                Brian R. Hachey (647710)
                333 North Avenue, 4th Floor
                Wakefield, MA 01880

DATE: April 5, 2004         (781) 246-8995


### CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon Craig T. Ornell, Esq., Ornell Law Office, P.C., 592 Main Street, Worcester, MA 01608 by first class mail, postage prepaid, on April ___ (0-___, 2004.

                Robert F. Charlton, Jr.